## GIRON *et al. v.* GARTNER *et al.*

### *(Circuit Court, S. D. New York. August 20, 1891.)*

TRADE-MARKS—INFRINGEMENT.
  Complainants, on velvet ribbons manufactured and put up by them, used their trade-mark, "G. F." Defendants on some of their goods used their trade-mark, "G. & F.," with the ampersand as prominent as the initials, as registered, but on their velvet ribbons printed it with the ampersand greatly reduced in size as compared with the initials. *Held*, that such use of the trade-mark was with intent to lead purchasers to believe that defendants' ribbons were those of complainants, and defendants should be restrained from using their trade-mark on ribbons, except with the ampersand of equal prominence with the initials.

In Equity. Bill to enjoin infringement of trade-mark.
*Francis Forbes*, for complainants.
*R. B. McMaster*, for defendants.

LACOMBE, Circuit Judge. Upon some of their goods the defendants used their trade-mark, "G. & F.," in the form in which it was registered, viz., with the ampersand as prominent as the initials, but on all their velvet ribbons print it with the ampersand greatly reduced in size as compared with the initials. In view of this circumstance, I cannot escape the conviction that it was so used with intent to delude the public into the belief that the goods so marked are those of the complainants, whose trade-mark is "G. F." There is so great a similarity in the style of putting up velvet ribbons by manufacturers generally, as shown by

defendants' affidavits, that this change, slight though it be, is well calculated to deceive purchasers. Complainants may take a preliminary injunction, restraining the sale of all velvet ribbons put up in the form shown by the exhibits in this case, in which the ampersand is not given equal prominence with the initials "G." and "F.," which the defendants are authorized to use as a trade-mark only when so connected with an ampersand.